1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

TRISTIAN SMITH-KENNEDY,                    )
                                            )      Case No. 2:13-cv-00960-APG-NJK
8                        Plaintiff,         )
                                            )      **ORDER**
9    vs.                                    )
                                            )      (IFP App - Dkt. #1)
10   INTERNAL REVENUE SERVICE,             )
                                            )
11                       Defendant.         )
_____ )

12

13          Plaintiff Tristian Smith-Kennedy is proceeding in this action *pro se*, has requested authority

14   pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1-1) on May

15   31, 2013.  This proceeding was referred to this court by Local Rule IB 1-9.

16   **I.      *In Forma Pauperis* Application**

17          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and

18   costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted

19   pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

20   **II.     Screening the Complaint**

21          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint

22   pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally

23   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief

24   from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

25   complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as

26   to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not

27   be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

28   . . . .

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

2    failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling

3    on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

4    A properly pled complaint must provide a short and plain statement of the claim showing that the pleader

5    is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6    Although Rule 8 does not require detailed factual allegations, it demands "more than labels and

7    conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct.

8    1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all

9    well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal

10   conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only

11   by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have

12   not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S.

13   at 570.

14   The Complaint in this case was filed on the court's form civil rights complaint, pursuant to 42

15   U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the

16   Constitution has been violated, and the deprivation was committed by a person acting under color of state

17   law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official

18   capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued

19   under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

20   Here, Plaintiff alleges a violation of section 1983 against the United States Internal Revenue Service

21   (IRS).  Accepting as true all factual allegations in the Complaint, Plaintiff has failed to state a claim upon

22   which relief can be granted.  "The purpose of § 1983 is to deter *state actors* from using the badge of their

23   authority to deprive individuals of their federally guaranteed rights."  *McDade v. West*, 223 F.3d 1135,

24   1139 (emphasis added) (*citing Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).  Since the IRS is an agency of

25   the United States, Plaintiff may not proceed with a 1983 action against the IRS.  Section 1983 "provides

26   a remedy for deprivation of federal rights by state law: it is not a basis for a suit against the United States

27   or the IRS."  *Segal v. C.I.R.*, 177 Fed. App'x 29, 30 (11th Cir. 2006).  *See also Hindes v. Federal Deposit

28   Ins. Corp.*, 137 F.3d 148, 158 (3d Cir. 1998) (finding no authority to support conclusion federal agency is

1   "person" subject to § 1983 liability); *Davis v. United States*, 439 F.2d 1118, 1119 (per curiam) ("By its

2   plain language [§ 1983] does not authorize redress against the United States").  Therefore, to the extent

3   Plaintiff alleges violations of 42 U.S.C. § 1983, Plaintiff has failed to state a claim and those allegations

4   must be dismissed.

5          Plaintiff also appears to make other allegations against the IRS in the Complaint.  To the extent that

6   Plaintiff intends to make allegations other than those pursuant to 42 U.S.C. § 1983, Plaintiff has failed to

7   demonstrate that the IRS has consented to suit.  "The United States, as sovereign, is immune from suit save

8   as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's

9   jurisdiction to entertain suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  "Its consent to be

10  sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter

11  jurisdiction."  *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir.2010)(quoting *United States*

12  *v. Mitchell*, 445 U.S. 535, 538 (1980)).

13         Courts have held that taxpayers seeking to bring suit against the United States bear the burden of

14  showing such a waiver.  *See, e.g., Williams v. United States*, 243 Fed. App'x 236, 237 (9th Cir. 2007)

15  ("Taxpayers have the burden of showing that the United States has unequivocally waived its sovereign

16  immunity."); *Fostvedt v. United States*, 978 F.2d 1201, 1202–1203 (10th Cir. 1992) ("The burden is on the

17  taxpayer to find and prove an 'explicit waiver of sovereign immunity.' ").  Plaintiff has failed to prove that

18  the IRS has waived sovereign immunity and consented to suit on these particular allegations and, therefore,

19  the Court cannot find that subject matter jurisdiction exists.

20         To the extent that Plaintiff, who submitted the Complaint in this case on the District's form for 42

21  U.S.C. § 1983 violations, intends to allege violations of Section 1983 against the IRS, Plaintiff has failed

22  to state a claim for which relief can be granted.  To the extent that Plaintiff intends to make allegations

23  other than those regarding violations of 42 U.S.C. § 1983 against the IRS, Plaintiff has failed to

24  demonstrate that the United States has waived its sovereign immunity.  The Court cannot determine, from

25  the original Complaint, whether the United States has waived sovereign immunity and consented to suit.

26  . . . .

27  . . . .

28  . . . .

1   Accordingly,

2   **IT IS ORDERED** that:

3         1.     Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be

4                 required to pay the filing fee of four hundred dollars ($400.00).

5         2.     Plaintiff is permitted to maintain this action to conclusion without the necessity of

6                 prepayment of any additional fees or costs or the giving of a security therefor.  This Order

7                 granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas

8                 at government expense.

9         3.     The Clerk of the Court shall file the Complaint.

10        4.     The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted

11                to the extent Plaintiff alleges violations of 42 U.S.C. § 1983, and for failure to prove the

12                United States consented to suit to the extent Plaintiff alleges violations other than violations

13                of 42 U.S.C. § 1983, with leave to amend.  Plaintiff will have until **October 4, 2013** to file

14                an Amended Complaint, if Plaintiff believes Plaintiff can correct the noted deficiencies.

15                If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer

16                to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint

17                complete.  This is because, as a general rule, an Amended Complaint supersedes the

18                original Complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1

19                requires that an Amended Complaint be complete in itself without reference to any prior

20                pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer

21                serves any function in the case.  Therefore, in an Amended Complaint, as in an original

22                Complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23                Failure to comply with this Order will result in the recommended dismissal of this case,

24                without prejudice.

25      Dated: September 4, 2013

26

27                                                         _____
    NANCY J. KOPPE
    UNITED STATES MAGISTRATE JUDGE

28